# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN SNYDER, | ) | CASE NO. 5:15-cv-1406 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SOUTHWEST AIRLINES CO., et al., | ) | **AND ORDER** |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court are fully-briefed motions to dismiss filed by each of the two defendants. (Doc. Nos. 7 and 8.) Plaintiff filed an opposition to each motion (Doc. Nos. 11 and 12) and each defendant filed a reply (Doc. Nos. 13 and 14). For the reasons set forth herein, both motions are granted.

## I. BACKGROUND

On July 15, 2015, plaintiff Justin Snyder ("plaintiff" or "Snyder") filed a complaint against his former employer, Southwest Airlines Co. ("Southwest"), and his local union, Transport Workers of America Local 555 ("Local 555"). (Doc. No. 1 ["Compl."].) Plaintiff alleges that, for three years, he was employed by Southwest as a Ramp Agent and was a dues-paying member of Local 555, with the terms of his employment being governed by a collective bargaining agreement ("CBA") between the two defendants. His employment was terminated on June 17, 2014 when he was allegedly "coerced into resignation[,]" an adverse employment action that he alleges was taken due to disability discrimination and retaliation relating to his Crohn's disease. (Compl. ¶¶ 8-9, 11-12.)

Plaintiff alleges that he informed his supervisor, Scott Hatcher, and his station manager, Bryan Sharkley, of his disability and his need for reasonable accommodations, with which he would have been able to satisfactorily perform his essential job duties. (*Id.* ¶¶ 13-14.) He alleges that, throughout his employment, his supervisor would embarrass and harass him due to his disability, mocking him and making fun of him in front of other employees. (*Id.* ¶ 15.) In June 2011 and again in January 2014, plaintiff initiated union grievances relating to his treatment by Hatcher. Despite the grievances, the harassment, discrimination, and retaliation allegedly continued. (*Id.* ¶ 16.)

On June 2, 2014, plaintiff took leave pursuant to the Family and Medical Leave Act ("FMLA") due to a severe flare-up of his Crohn's disease. He was hospitalized on that day, given intravenous fluids and strong narcotics, and then ordered by his doctor not to engage in any strenuous activity, including his job duties, until he was medically released to do so. (*Id.* ¶ 18.) On June 3, 2014, while allegedly still under these doctor's orders, plaintiff attended his 4-year-old son's half-hour tee-ball game. (*Id.* ¶ 19.)

On June 13, 2014, plaintiff was notified by Hatcher that a fact-finding was being opened for plaintiff's alleged misuse of FMLA time. (*Id.* ¶ 20.) On June 17, 2014, plaintiff was presented with an ultimatum: either sign a fact-finding extension or sign a termination. (*Id.* ¶ 21.) In violation of the CBA, he was not permitted to have a union representative with him during this meeting, and the acting union representative refused to sign the extension request because he was unfamiliar with the case. (*Id.*) Plaintiff's employment was terminated that same day. (*Id.*)

In his first and second claims for relief, plaintiff alleges federal and state claims of disability discrimination and retaliation against both defendants. In his third claim for relief, he asserts a claim against Southwest for termination of employment in violation of Ohio's public

2

policy. His complaint contains two "fourth" claims: fourth claim (one) states a claim for breach of contract/promissory estoppel against Southwest; fourth claim (two) states a claim for breach of the duty of fair representation ("DFR") against Local 555.


## II. DISCUSSION

### A.    Standard on a Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*,

3

552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

**B.      Analysis**

In its motion, Southwest seeks dismissal of the third and fourth claims, whereas Local 555, in its motion, seeks dismissal of the entire complaint. The Court will address the claims in the most convenient order.

1.      ***Third Claim*** *– Ohio Public Policy Against Southwest*

The third claim, the Ohio public policy claim against Southwest, is dispatched with ease because plaintiff is not an employee at will. In *Haynes v. Zoological Soc. of Cincinnati*, 652 N.E.2d 948, 950 (Ohio 1995), the Ohio Supreme Court held that, to assert a tort of wrongful discharge in violation of public policy, one must be an at-will employee, and a union member does not meet that requirement.[1] Defendant Southwest is entitled to dismissal of the third claim.

2.      ***Fourth Claims*** *– Breach of Contract/Promissory Estoppel Against Southwest and Breach of Duty of Fair Representation Against Local 555*

Together, the two fourth claims constitute a so-called "hybrid" action under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. "A hybrid § 301 suit implicates the interrelationship among a union member, his union, and his employer." *Garrish v. Int'l Union United Auto., Aerospace and Agric. Implement Workers of Am.*, 417 F.3d 590, 594 (6th Cir. 2005) (quoting *Vencl v. Int'l Union of Operating Eng'rs, Local 18*, 137 F.3d 420, 424 (6th Cir. 1998)). A hybrid action has a very short six-month statute of limitations. *Martin v. Lake Cnty. Sewer Co., Inc.*, 269 F.3d 673, 677 (6th Cir. 2001) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65, 103 S. Ct. 2281, 76 L. Ed. 2d 476 (1983)). Even assuming the

---

[1] In opposition to Southwest's motion, plaintiff misconstrues this argument as a preemption argument. The claim is not preempted, it simply does not exist for a union member such as plaintiff.

latest possible date for accrual of this claim, i.e., June 17, 2014 – the date of the termination of his employment, plaintiff filed his case seven months too late.

In addition, the claim against Southwest in claim four (one), which is framed as a state law claim for breach of contract/promissory estoppel, is preempted by § 301 of the LMRA because its resolution would require consideration and interpretation of the CBA. *Simoneau v. General Motors Corp.*, 85 F. App'x 445, 447 (6th Cir. 2003). The defendants are both entitled to dismissal of the two fourth claims in the complaint.

      3.    ***First and Second Claims*** – *ADA Disability Discrimination and Retaliation; Ohio Disability Discrimination and Retaliation*

Local 555 moves for dismissal of the first and second claims alleging disability discrimination and retaliation under federal and state law, arguing that plaintiff's complaint fails to state a claim against it.

Case law establishes that, in the absence of direct evidence of discrimination and/or retaliation, a plaintiff may establish a prima facie case against his union by showing that "(1) the employer violated the collective bargaining agreement with respect to plaintiff; (2) the union permitted the violation to go unrepaired, thereby breaching the union's duty of fair representation; and (3) the union's actions were motivated by discriminatory animus." *Wimpye v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO/CLC, Local Lodge 1943*, No. 1:11-cv-845, 2012 WL 1340363, at * 3 (S.D. Ohio Apr. 17, 2012) (citing *York v. AT&T Co.*, 95 F.3d 948, 955-56 (10th Cir. 1996)).

Here, the complaint alleges generally that relief is sought "based upon the unlawful [i.e., discriminatory and retaliatory] employment practices of Southwest Airlines and TWU Local 555[,]" and "[d]efendants' systematic failure to address and remedy the severe

harassment, discrimination, and retaliation of the [p]laintiff [which] amounted to acquiescence by Southwest and TWU of [plaintiff's supervisor's] actions[.]" (Compl. ¶¶ 17, 24.) It further alleges that, when plaintiff "was presented with an ultimatum by his employer [to] either sign a fact finding extension or sign a termination[,]" the acting union representative "refused to sign the extension request as he was unfamiliar with the case." (*Id.* ¶ 21.)

These vague allegations are insufficient to state a claim against Local 555. Notably, even if the allegations are sufficient to establish the first two elements of a prima facie case, the claims would fail for lack of any allegation of discriminatory animus on the part of Local 555. The only allegation relating to motivation is that the union representative would not get involved because of unfamiliarity with plaintiff's case. Plaintiff does not allege that the refusal was in any way related to his disability.

Given that the allegations of the complaint fail "to raise a right to relief [against Local 555] above the speculative level[,]" *Twombly*, 550 U.S. at 555, Local 555 is entitled to dismissal of claims one and two for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

### 4.   *Amending the Complaint*

In his opposition to Local 555's motion, plaintiff asserts that, although he has already "included … as much information as he has in his control and possession concerning [d]efendant Local 555's actions[,]" he should nonetheless be granted "the opportunity to amend his [c]omplaint, pursuant to Fed. R. Civ. P. 15." (Doc. No. 11 at 98.) In its reply brief, Local 555 opposes this request, asserting that plaintiff has failed to identify any new information and/or to attach a copy of the proposed amended complaint. (Doc. No. 13 at 114.)

Ordinarily, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

6

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (citing Fed. R. Civ. P. 15(a)). But the Court is not required to permit amendment where such would be futile. *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (citing *Foman*); *DeBolt v. Cassens Transp. Co.*, No. 4:11CV1227, 2012 WL 3497659, at * 1 (N.D. Ohio Aug. 15, 2012) (motion to amend is deemed futile if the proposed amendment could not withstand a Rule 12(b)(6) motion to dismiss) (citation omitted).

Under Rule 15(a)(1)(B), plaintiff had the right to amend the complaint "once as a matter of course" either 21 days after it was served, or 21 days after the defendant served its motion under Rule 12(b). He did not do so.

Nor did plaintiff either supply a proposed amended complaint or include in his opposition brief enough information to "'put[] the opposing party on notice of the content of the amendment.'" *Shillman v. United States*, 221 F.3d 1336, 2000 WL 923761, at * 6 (6th Cir. June 29, 2000) (Table) (quoting *Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993)); *see also Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) (upholding the district court's denial of leave to amend "[b]oth because the plaintiffs did not present an adequate motion and because they did not attache a copy of their amended complaint").

The Court, therefore, perceives no reason to permit leave to amend and such request is denied.

### III. CONCLUSION

For the reasons set forth herein, the motion to dismiss of Transport Workers of America Union Local 555 (Doc. No. 7) is **GRANTED**; further, the motion to dismiss of

Southwest Airlines Co. (Doc. No. 8) is **GRANTED**.  This case shall proceed against Southwest alone and only as to the first and second claims in the complaint.

        **IT IS SO ORDERED**.

Dated: September 24, 2015

                **HONORABLE SARA LIOI**
                **UNITED STATES DISTRICT JUDGE**